USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/17/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
BETSEY P. HARDMAN and
JODY E. HARDMAN,

                        Plaintiffs,

      -against-

BRISTOL-MYERS SQUIBB CO., ET AL.,

                        Defendants.
------------------------------------------------------------ x

18-CV-11223 (ALC)

<u>OPINION & ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

## SYLLABUS

The Forum Defendant Rule prevents a defendant from removing a state court action to federal court if the action originated in the state where a defendant resides. In this Circuit, when a plaintiff launches a state court action against multiple defendants, including both in-state and out-of-state residents, an out-of-state residing defendant may remove the case if they effect removal before the plaintiff serves the initial complaint on the in-state defendants. To effect removal, a defendant must complete three steps: file the notice of removal in federal court, give notice to the adverse parties, and file a copy of the notice of removal with the state court.

In New York state court, in one lawsuit, the plaintiff sued not only defendants residing in New York, but also defendants residing in other states. Although a non-New York-residing defendant filed, in federal court, a notice of removal before the plaintiff served the New Yorkers, the defendant attempting to remove the case did not complete the process of removal before the plaintiff served the New Yorkers. The case is remanded to state court.

**PROCEDURAL HISTORY**

Plaintiffs initiated this case in New York state court on November 26, 2018. ECF No. 1, Ex. A ("Compl."). On December 3, 2018, Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, the "Johnson Defendants") removed this case to this Court. ECF No. 1. The Johnson Defendants also filed an Answer to the Complaint on December 3, 2018.[1] ECF No. 6. On January 2, 2019, Plaintiffs filed the instant Motion to Remand. ECF No. 19. On January 16, 2019, the Johnson Defendants filed their Opposition to Plaintiffs' Motion. ECF No. 29. Plaintiffs replied to the Johnson Defendants' Opposition on January 23, 2019. ECF No. 30.

Plaintiffs' Motion is deemed fully briefed. After careful consideration, Plaintiffs' Motion to Remand is hereby **GRANTED**.

**BACKGROUND**

Plaintiffs Betsey Hardman and Jody Hardman have been married since December 9, 1972. Compl. ¶ 3. Plaintiff Betsey Hardman was diagnosed with malignant pleural mesothelioma in October of 2018.[2] *Id.* ¶ 2. Among other things, Plaintiffs claim that Defendants "mined, milled, processed, imported, designed, manufactured, assembled, marketed, supplied, distributed, sold and/or otherwise placed in the stream of commerce … products that contained asbestos." *Id.* ¶ 23. Asbestos is a set of fibrous minerals known to contaminate substances such as talc. *Id.* ¶ 104. Exposure to asbestos has been linked to severe health hazards, like malignant pleural mesothelioma. *Id.* Aside from manufacturing products that contained asbestos, Plaintiffs allege

---

[1] Defendant Colgate answered the Complaint on December 20, 2018. ECF No. 13. Defendant Whittaker answered the Complaint on December 28, 2018. ECF No. 15. On January 25, 2019, Defendants Imerys America, Imerys USA, Cyprus Mines, Imerys Vermont, and Cyprus Amax answered the Complaint. ECF No. 35.

[2] "Mrs. Hardman's disease is a cancer of the lung lining that develops 30 years after the first exposure to asbestos and once developed, invariably and rapidly causes death." Pls'. Mem. Supp. Mot. p. 9, n.1, ECF No. 19.

that Defendants failed to disclosure material information to Plaintiffs, negligently misrepresented the health risks associated with their products, violated the federal Food, Drug and Cosmetic Act ("FDCA"), and failed to remedy foreseeable risks inherent in their products. *Id.* ¶¶ 30, 33, 40, 66. Further, Plaintiffs allege that the "Talc Supplier Defendants" controlled industry standards and are jointly and severally liable for the harm stemming from their products. *Id.* ¶ 87.

The facts pertinent to the disposition of the instant motion, however, are procedural in nature. Plaintiffs allege that they filed their Complaint in the Supreme Court of New York on November 26, 2018 at 2:40 p.m. Pls'. Mem. Supp. Mot. p. 9, ECF No. 19 ("Pls' Mot."). Plaintiffs engaged a process server to serve all joined defendants.[3] *Id.* Defendants Bristol-Myers, Colgate, and Revlon are citizens of New York ("Forum Defendants"). Compl. ¶¶ 5-6, 15. Defendants Cyprus Amax, Imerys America, Imerys Vermont, and Imerys USA are citizens of California. *Id.* ¶¶ 7, 9, 11-12. Defendant Cyprus Mines is a citizen of Arizona. *Id.* ¶ 8. Defendant Whittaker is a foreign corporation with principal places of business in New York and New Jersey. *Id.* ¶ 16. The Johnson Defendants are citizens of New Jersey. *Id.* ¶¶ 13-14. At 2:24 p.m., on December 3, 2018, prior to service of any Forum Defendants, the Johnson Defendants filed their Notice of Removal with this Court. Pls' Mot. p. 11; Defs' Mem. Opp. Mot. p. 7, ECF No. 29 ("Defs' Mot."). Plaintiffs completed service of Forum Defendants Bristol-Myers and Colgate later that same day, at 3:51 p.m. *Id.* Additionally, also on December 3, 2018, the Johnson Defendants filed their affidavit of service of the Notice of Removal with this Court at 6:23 p.m. and filed their Notice of Removal to Federal Court with the state court at 7:06 p.m. *Id.*; ECF No. 5. Plaintiffs completed service on the third and final Forum Defendant on December 4, 2018 at 12:47 p.m. *Id.* p. 12.

---

[3] Defendant Imerys Italy was to be served in accordance with the Hague Service Convention rather than by the process server. Pls' Mot. p. 10.

3

## STANDARD OF REVIEW

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal may be based on diversity of citizenship or the federal nature of the claims. *See* 28 U.S.C. §§ 1441(b)-(c). Removal based on diversity of citizenship is improper "if any of the parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This limitation is known as the Forum Defendant Rule. *See Gibbons v. Bristol-Myers Squibb Co.*, 2019 WL 1339013, *3 (2d Cir. March 26, 2019).

## DISCUSSION

As stated, the Forum Defendant Rule precludes removal on diversity of citizenship grounds if a properly joined and served defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Disagreement had been mounting in this Circuit regarding the applicability of the Forum Defendant Rule *prior* to the service of forum defendants.[4] However, in March of 2019, the Second Circuit "resolv[ed] this split among district courts" by

---

[4] *Compare Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 180 (S.D.N.Y. 2003) ("Where ... complete diversity does not exist between the parties, an unserved resident defendant may be ignored in determining removability"), *Cheung v. Bristol-Myers Squibb Co.*, 282 F.Supp.3d 638, 642 (S.D.N.Y. 2017) ("[T]he statute prohibits removal when there are in-state defendants only when those defendants have been properly joined and served"), *In re Fosamax Products Liability Litigation*, 2008 WL 2940560, *2 (S.D.N.Y. July 29, 2008) ("Courts almost uniformly have read this to allow removal where an in-state defendant has not been served by the time the removal petition is filed"), *with Torchlight Loan Services, LLC v. Column Financial, Inc.*, 2013 WL 3863887, *2 (S.D.N.Y. July 24, 2013) ("Mere failure to serve a resident defendant properly named in the complaint before a motion to remove is made will not permit removal") (quoting *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984)), *and In re IntraLinks Holdings, Inc. v. Derivative Litigation*, 2013 WL 929836, *2 (S.D.N.Y. March 11, 2013) ("[T]o permit removal simply because the forum defendants happened not to have been served would lead to bizarre results that would lead to results demonstrably at odds with congressional intent") (quoting *Sullivan v. Novartis Pharms. Corp.*, 575 F.Supp.2d 640, 642-47 (D.N.J. 2008)).

unequivocally stating that "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law." *Gibbons*, 2019 WL 1339013, *4.

While the *Gibbons* decision determined when the Forum Defendant Rule applies regarding service, it did not address 28 U.S.C. § 1446(d) and the procedural requirements that must be satisfied prior to service in order for removal to be effective. In this case, the Johnson Defendants argue that removal is effective upon the filing of a notice of removal with the federal court, thus rendering removal effective prior to the service of any Forum Defendants. Defs' Mot. p. 8. Plaintiffs, on the other hand, suggest that removal is effective upon the filing of notice of removal with the state court, thus rendering removal incomplete prior to the service of Forum Defendants Bristol-Myers and Colgate. Pls' Mot. p. 17.

### I. All Three Requirements of Section 1446(d) Must be Satisfied For Removal to be Effective

28 U.S.C. § 1446(d) states as follows:

> "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded."

28 U.S.C. § 1446(d) (emphasis added). The plain language of the statute indicates three distinct procedural requirements: (1) the filing of a notice of removal with the federal court; (2) notice to the adverse parties; and (3) the filing of a copy of the notice of removal with the appropriate state court. *Id*. Courts have indicated that, although not explicitly stated, "the plain meaning of [28 U.S.C. § 1446(d)] indicates that all three steps must be satisfied in order to divest the state court of jurisdiction over the matter. *Westfield Ins. Co. v. Interline Brands, Inc.*, 2013 WL 1288194, *2 (D.N.J. March 25, 2013); *see Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996) ("The only

5

rule that logically follows from 28 U.S.C. 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time.")[5] More specifically "until all three steps are completed, the action is not removed and the federal court does not have jurisdiction." *Id*. These courts have suggested that because all three requirements appear prior to the statement "shall effect the removal," removal is not effective until complete compliance with the statute. *Id*. Further, while the "promptness" of notice and the filing of notice with the state court may be a factor to be considered, "prompt" compliance is not sufficient to override complete compliance with the three requirements outlined in 28 U.S.C. § 1446(d). *Stern v. Mylan Bertek Pharms., Inc.*, No. 07-5677, 2008 U.S. Dist. LEXIS, *13-14 (D.N.J. July 29, 2008) ("This Court also recognizes that Mylan's notification of the removal was indeed "prompt" under any interpretation of § 1446. Yet the fact remains that during the interim between when the petition was filed with this Court and when the Superior Court was notified of the removal, the forum Defendant received service of process).

Here, the timeline in this case in undisputed. Plaintiffs filed their Complaint on November 26, 2018 at 2:40 p.m. Pl's Mot. p. 9. A week later, on December 3, 2018, at 2:24 p.m., the Johnson Defendants filed their Notice of Removal with this Court. *Id*. p. 11. After the filing of the Notice of Removal, Plaintiffs served New York Defendants Bristol-Myers and Colgate, at 3:51 p.m. *Id*. Defendants did not file their Affidavit of Service of the Notice of Removal and their Notice of Removal to Federal Court with the state court until 6:32 p.m. and 7:06 p.m., respectively, on December 3, 2018. ECF Nos. 1-5; Pl's Mot. p. 11. Regardless of the temporal proximity and "prompt" nature of the Notice of Removal, the service of the Forum Defendants,

---

[5] Although *Anthony* discussed 42 U.S.C. § 1446(d) in the context of jurisdiction, courts have relied on *Anthony's* logic in the context of the Forum Defendant Rule as well. *See Westfield*, 2013 WL 1288194, *3; *Stern*, 2008 U.S. Dist. LEXIS, *13.

6

and filing of notice with the state court, Forum Defendants Bristol-Myers and Colgate were served prior to the Johnson Defendants completion of all three statutory requirements under Section 1446(d). 28 U.S.C. § 1446(d); *see Stern*, 07-5677, 2008 U.S. Dist. LEXIS, *13-14. The analysis ends there.

## CONCLUSION

Forum Defendants Bristol-Myers and Colgate were served prior to the completion of all three requirements necessary to effectuate removal. 28 U.S.C. § 1446(d). Thus, two Forum Defendants were "properly joined and served" prior to removal. 28 U.S.C. § 1441(b)(2). Therefore, the Forum Defendant Rule precludes removal on the basis of diversity of citizenship.

For the aforementioned reasons, Plaintiffs' Motion to Remand is hereby **GRANTED**.

**SO ORDERED.**

**Dated:**      **April 17, 2019**
                **New York, New York**

                                                 **ANDREW L. CARTER, JR.**
                                                 **United States District Judge**